# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

(12) SUNDAYGA DEXTER ROBERTS,

       Defendant.

**MEMORANDUM OF LAW & ORDER**
Criminal File No. 11-87 (MJD/JJK)

Lola Velazquez-Aguilu, Assistant United States Attorney, Counsel for Plaintiff.

Sundayga Dexter Roberts, pro se.

## I.      INTRODUCTION

This matter is before the Court on Defendant Sundayga Dexter Roberts' Pro Se 60B Motion to Consider Fast Track Program and Second Chance Act. [Docket No. 1011]

## II.      BACKGROUND

On September 6, 2011, Defendant Sundayga Dexter Roberts pled guilty to Counts 2 and 42 of the Superseding Indictment: Count 2, Bank Fraud, in violation of 18 U.S.C. §§ 2 and 1344; and Count 42, Aggravated Identity Theft, in

1

violation of 18 U.S.C. §§ 2 and 1028A.  In August 2012, the Court sentenced

Defendant to sixty-three months in prison.  [Docket No. 750]  Defendant did not

appeal his sentence.

On October 7, 2013, Defendant filed the instant motion requesting that the

Court lower his sentence based on the factors found under 18 U.S.C. § 3553(a)(6),

the Fast Track Program, the Second Chance Act, and his ineligibility to

participate in the Residential Drug Abuse Program.

## III.    DISCUSSION

Defendant requests that the Court modify his sentence because he will be

deported to Liberia upon the completion of his sentence and, therefore, is

ineligible to participate in the Residential Drug Abuse Program or the Second

Chance Act, both of which Defendant claims would allow him to be released

from prison early.  Additionally, Defendant asks for the Court to consider that he

would have received a lower sentence if he had been eligible for the Fast Track

Program.  Defendant also asks the Court to modify his sentence based on 18

U.S.C. § 3553(a)(6), "the need to avoid unwarranted sentence disparities among

defendants with similar records who have been found guilty of similar conduct."

This Court does not have jurisdiction to modify a term of imprisonment once it has been imposed except 1) upon a motion from the Director of the Bureau of Prisons based on extraordinary and compelling circumstances or the defendant's advanced age; 2) to the extent expressly authorized by statute or by Federal Rule of Criminal Procedure 35; or 3) if a defendant was sentenced based on a sentencing range that has been subsequently reduced by the Sentencing Commission and designated to apply retroactively.  18 U.S.C. § 3582(c).  See also United States v. Auman, 8 F.3d 1268, 1270-72 (8th Cir. 1993); United States v. Contreras, 518 Fed. App'x 756 (11th Cir. 2013).  In this case, there is no motion from the Director of the Bureau of Prisons; no statute authorizes modification of Defendant's sentence; Rule 35, which permits correction of an error within 14 days of sentencing and reduction based on substantial assistance to the Government, does not apply; and Defendant was not sentenced based on a sentencing range that has been subsequently reduced by the Sentencing Commission.  The Court does not have jurisdiction to modify Defendant's sentence.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

3

Defendant Sundayga Dexter Roberts' Pro Se 60B Motion to Consider Fast Track Program and Second Chance Act [Docket No. 1011] is **DENIED**.


Dated:   December 19, 2013                s/ Michael J. Davis
                                          Michael J. Davis
                                          Chief Judge
                                          United States District Court